# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| ELICIA TRAYLOR, on behalf of herself and all others similarly situated,<br>*Plaintiff* | § § § § § § § | |
| v. | § § § | |
| SOUTHWEST CREDIT SYSTEMS, L.P.,<br>*Defendant* | § § § § § | CASE NUMBER: 1:21-cv-00168<br><br>DEMAND FOR JURY TRIAL |
| &<br>JOHN DOES 1-25,<br>*Defendants.* | § § § § | |

## PLAINTIFF'S COMPLAINT-CLASS ACTION

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Plaintiff, Elicia Traylor ("Plaintiff" or "Ms. Traylor" herein), brings this action, on behalf of herself and all others similarly situated, against Defendants, Southwest Credit Systems, L.P. (also "Southwest Credit" herein) and John Does 1-25 (all Defendants collectively "Defendants" herein), and will show as follows:

1

## PRELIMINARY STATEMENT

1. This is an action under the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq*. ("FDCPA"), to obtain damages, and other relief for the Defendants' violations of the FDCPA.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §1331 and §1337(a) and 15 U.S.C. § 1692 *et seq.*.

3. Venue is proper in the United States District Court for the Western District of Texas, Austin Division, under 28 U.S.C. §1391(b)(2) because the acts and transactions occurred in this district.

## STANDING

4. Plaintiff has suffered an injury in fact that is traceable to Defendants' conduct and that is likely to be redressed by a favorable decision in this matter.

5. Plaintiff further suffered a concrete injury as a result of Defendants' violations set forth herein, *i.e.* – Defendants' attempt to collect a time barred obligation without informing Plaintiff, and the class that she seeks to represent, that the obligation could not be collected by legal means.

6. Plaintiff further suffered a concrete informational injury as a result of Defendants' failure to provide truthful information in connection with attempts to collect an alleged consumer debt from Plaintiff, thereby misleading and confusing Ms. Traylor, and forcing her to obtain the advice of legal counsel.

## THE PARTIES

7. Plaintiff, Elicia Traylor, is an individual who resides in Travis County, Texas.

8. Defendant, Southwest Credit Systems, L.P., is a Texas Limited Partnership, with a principal place of business in Texas. Service may be effected by serving the registered agent:

> Mr. Jeff A. Hunt
> 4120 International Parkway, Suite #1100
> Carrollton, Texas 75007

9. Defendants, John Does 1-25, are fictitious names of individuals and businesses which Plaintiff alleges for the purpose of substituting names of defendants whose identities are unknown but may be disclosed in discovery and should be made parties to this action.

## FACTUAL ALLEGATIONS

10. Plaintiff is a user of telephone services for her personal use and a "consumer" as that term is defined by §1692a(3) of the FDCPA.

11. Plaintiff incurred an alleged debt for goods and services for personal, family or household purposes, with regards to a cellular phone account with T-Mobile ("alleged debt" herein).

12. The alleged debt is a "debt" as that term is defined by §1692a(5) of the FDCPA, *i.e.* – telephone services for personal use.

13. Due to her financial circumstances, Plaintiff could not pay the alleged debt, and it subsequently went into default.

14. Plaintiff has information and belief that the last payment on the alleged debt was prior to January 1, 2016.

15. The alleged debt was subsequently assigned to Southwest Credit for the purposes of collecting the alleged debt.

16. Southwest Credit regularly collects or attempts to collect defaulted consumer debts by using the telephone and mails. Southwest Credit is a "debt collector" as that term is defined by 15U.S.C. §1692a(6) of the FDCPA.

17. On or about February 27, 2020, Southwest Credit sent to Plaintiff a collection letter ("Letter" or "Exhibit A" herein that is partially redacted in accordance with FRCP 5.2) whereby Southwest Credit sought to collect a balance of $1978.01 regarding the alleged debt, but offered to settle the account balance/alleged debt for $791.20.

18. The language of the Letter further indicated that the Letter was also a solicitation to resolve the alleged debt for a discount. The Letter also created a false sense of urgency by stating that "we are not obligated to renew this offer".

19. The Letter further indicated an account balance of $1978.01.

20. However, Defendants' records and/or the records of T-Mobile show Plaintiff's last payment was made on her account at least four or more years before the date of the Letter, February 27, 2020.

21. Plaintiff has information and belief that the alleged debt was time barred as per Tex. Civ. Prac. & Rem. Code Ann. §16.004(a)(3), which provides that a suit for breach of contract must be brought not later than four years after the day the cause of action accrues.

22. The Letter which sought to collect a time barred alleged debt was false and misleading to the unsophisticated/least sophisticated consumer in so much as at the very least it failed to disclose in any way that a) the alleged debt was time barred debt and unenforceable, and b) that any partial payment could reinstate the applicable statute of limitations. *See Daugherty v. Convergent Outsourcing,* Inc., 836 F.3d 507 (5th Cir. 2016).

23. The Letter was a "communication" as that term is defined in 15 U.S.C. §1692a(2).

24. Plaintiff alleges that Defendants, John Does, approved, directed, and/or supervised the preparation and sending of letters in the form of Exhibit A to Ms. Traylor and the class members.

25. Plaintiff further alleges that Exhibit A was misleading and created a significant risk of harm as contemplated by the FDCPA and constitutes a concrete injury in-fact as articulated in Spokeo, Inc. v. Robins, 136 S. Ct. 1540, 1549 (2016).

26. Plaintiff was confused and misled by the Letter and sought legal counsel regarding the validity of the alleged debt.

# COUNT I—VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

27. Plaintiff re-alleges the above paragraphs as if set forth fully in this count.

28. **15 U.S.C. §1692e(2)(A) and (10) of the FDCPA provide as follows:**

   **FALSE OR MISLEADING REPRESENTATIONS**

   **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**

   **(2) The false representation of—
   (A) the character, amount, or legal status of any debt;**

   **(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.**

29. Defendants violated sections (2)(A) and (10) of 15 U.S.C. §1692e by seeking the collection and settlement of consumer debt that was time barred under Texas statute of limitations a) without disclosing that the alleged debt was time barred, b) without disclosing that a partial payment on the time barred alleged debt could restart the statute of limitations and c) by falsely creating a sense of urgency to respond to the offer.

## COUNT II—VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

30. Plaintiff re-alleges the above paragraphs as if set forth fully in this count.

31. **15 U.S.C. §1692f of the FDCPA provides as follows:**

### UNFAIR PRACTICES

**(f) A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.**

32. Plaintiff alleges that the Letter constituted unfair practices in so much as it used unfair and unconscionable means to collect a time barred debt a) without disclosing the debt is time barred and unenforceable and b) without warning the Plaintiff of the danger of a partial payment reinstating the statute of limitations c) in conjunction with creating a false sense of urgency.

## CLASS ACTION

33. This action is brought by the named Plaintiff as a class action on behalf of herself and on behalf of others similarly situated ("Class" herein) in accordance with Rule 23 of the Federal Rules of Civil Procedure.

34. The Class is defined as consumers with addresses in Texas who meet all of the following criteria:

(i) All persons with addresses in the State of Texas to whom Southwest Credit;

(ii) sent or caused to be sent a Letter in the form of Exhibit A (attached to the Complaint);

(iii) to collect a debt incurred for personal, family, or household purposes;

(iv) on which the last payment was made more than four (4) years prior to the date of the collection letter;

(v) during the one (1) year prior to the filing of this Complaint.

35. However, Plaintiff excludes from the Class the Defendants as well as all officers, members, managers, partners, directors and employees of the Defendants, including and not limited to their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

36. There are common questions of law and fact that related to or affect the rights and interests of each member of the Class against the Defendants.

37. Although Plaintiff does not know of the exact number of class members at this time, Plaintiff alleges that the Class is so numerous that joinder of all such members would be impractical.

38. The relief sought by Class are essentially identical to the individual Plaintiff. The claims of the Plaintiff are typical to the claims of the Class in that all members of the Class received similar debt collection notices and/or were subject to debt collection efforts by Southwest Credit.

39. The Plaintiff is the representative party for the Class and she is able to fairly and adequately represent the interest of the Class. No know conflict exists between the Plaintiff and the Class.

40. All of the claims of Plaintiff in this lawsuit and the Class were caused by the same set of facts and act and omissions of Defendants.

41. The questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. A Class Action will offer the advantage of enabling a large number of similarly situated persons, who otherwise may not be able to prosecute individual claims, to prosecute their common claims in a single forum without the duplication of resources from individual actions.

42. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

**REQUEST FOR RELIEF**

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, Elicia Traylor, individually and on behalf of herself and all others similarly situated, respectfully requests that the Defendants be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff and the Class against Defendants, jointly and severally, as follows:

a. The Court certify as a class all similarly situated class members as alleged in this Complaint in accordance with FRCP 23 for the alleged violations of 15 U.S.C. §1692 *et seq.*;

b. The Court certify Plaintiff as Class representative and certify the undersigned counsel, Brent A. Devere and O. Randolph Bragg, as Class Counsel;

c. The Court award Plaintiff, including the Class, statutory damages pursuant to 15 U.S.C. §1692(k)(a)(2)(A) and 15 U.S.C. §1692(k)(a)(2)(B) and;

11

d. The Court award Plaintiff, including the Class, costs and reasonable attorneys' fees pursuant to 15 U.S.C. §1692(k)(a)(3) and any other applicable statute or legal basis;

e. The Court award Plaintiff, including the Class, prejudgment and post judgment interest as allowed by law;

f. The Court grant Plaintiff, including the Class, such further relief to which Plaintiff and the Class may be justly entitled.

Respectfully submitted,

/s/Brent A. Devere
Brent A. Devere
SBN#00789256
1411 West Avenue, Suite #200
Austin, Texas 78701
Ph: 512-457-8080 Fax: 512-457-8060
Email: BDevere@1411west.com


/s/O. Randolph Bragg
Randolph Bragg
HORWITZ, HORWITZ & ASSOCIATES
25 East Washington Street, Suite 900
Chicago, IL 60602
(312) 372-8822
Email: rand@horwitzlaw.com


*Attorneys for Plaintiff*